

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

HANNAH V. FADDIS
*Senior Counsel*
phone: (212) 356-2486
fax: (212) 356-3509
hfaddis@law.nyc.gov

December 6, 2018

**VIA ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Zahmeil D. Washington-Steele v. City of New York, et al.
              18 Civ. 7431 (RA)

Your Honor:

      I represent The City of New York in connection with the above-referenced matter.[1] Defendant writes to request a stay of this action, pending the resolution of a related criminal proceeding.

      Briefly, plaintiff alleges false arrest and wrongful search claims arising from his October 3, 2017, arrest for attempted murder in the first degree and robbery in the first degree (ECF No. 2). A search of publicly available information from the New York State Office of Court Administration ("OCA") shows that plaintiff's criminal case is currently ongoing. (See Exhibit A). This information was confirmed via direct access to the New York City Office of Court Administration's electronic record of the criminal case. (See Exhibit B).

      According to court records, plaintiff was arrested on October 3, 2017 and charged with attempted murder in the first degree, in violation of New York Penal Law § 125.27, attempted murder in the second degree, in violation of New York Penal Law § 125.25, and robbery in the first degree, in violation of New York Penal Law § 160.15. (See Exhibits A, B). Court records indicate that an indictment was returned on October 25, 2017, and that the case is still ongoing. (See Exhibits A, B). There is currently a court appearance scheduled for December 20, 2018. (See Exhibit B). Because plaintiff's criminal case is ongoing, the City respectfully requests a stay of this action, pending the completion of the criminal proceedings.

---

[1] This case is assigned to Assistant Corporation Counsel Zachary Kalmbach, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision. Mr. Kalmbach may be reached directly at (212) 356-2322 or zkalmbac@law.nyc.gov.

"It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995); see Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) ("postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"). In determining whether a stay of a civil proceeding is appropriate, courts consider several factors, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. Harris v. Nassau Cnty., No. 13-CV-4728 (NGG) (RML), 2014 U.S. Dist. LEXIS 94554, at *8 (E.D.N.Y. July 8, 2018). As noted below, the balance of factors clearly demonstrates good cause to stay this action pending the outcome of the criminal proceeding.

As to the first factor, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004). Here, there is substantial overlap of the issues in the civil and criminal cases. Plaintiff's civil and criminal actions both stem from the same underlying event: Plaintiff's October 3, 2017 arrest. Moreover, the determination of plaintiff's false arrest claim depends upon the outcome of the criminal proceedings. Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) ("under New York law, the existence of probable cause is an absolute defense to a false arrest claim"); Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Plaintiff's allegation that defendants lacked probable cause might be adjudicated in the underlying criminal proceeding, and subsequently subject to issue preclusion. Thus, the first fact weighs heavily in favor of granting a stay of these proceedings.

As to the second factor, "[c]ourts consistently hold that a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." Harris, 2014 U.S. Dist. LEXIS at *10 (citing Trs. Of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, 886 F. Supp. 1134, 1139 (S.D.N.Y. May 25, 1995) (internal quotation marks omitted). At this time, plaintiff has already been indicted in a criminal proceeding before the New York County Criminal Court, which is ongoing. Accordingly, the second factor weighs in favor of granting a stay.

As to the remaining factors, granting a stay in these proceedings should benefit both parties, further the public interest, and further the court's interest in judicial efficiency. A stay will likely narrow the issues before the court, and prevent both parties from performing unnecessarily duplicative work. Crawford & Sons, 298 F. Supp. 2d at 319 (finding that a stay would "avoid duplication" as a "conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims" and provide the parties with the benefit of "the transcript and rulings in the criminal action"); Trs. Of Plumbers, 886 F. Supp. at 1140 (finding that a stay "may reduce the scope of discovery in the civil case and the evidence gathered during the criminal action can later be used in the civil action"); Parker v. Dawson, No. 06-CV-6191 (JFB) (WDW), No. 06-CV-6627 (JFB) (WDW), No. 07-CV-1268 (JFB) (WDW), 2007 U.S. Dist. LEXIS 63068, *24 (E.D.N.Y. Aug. 27, 2007) (noting that "resolution of the criminal case

may increase prospects for settlement of the civil case"). Finally, "the public's interest is best served by 'preserving the integrity of the criminal case.'" Harris, 2014 U.S. Dist. LEXIS at *13 (quoting Crawford & Sons, 298 F. Supp. 2d at 319); see also Brock v. Tolklow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.").

Based on the foregoing, the undersigned respectfully requests that the Court: (1) stay the instant matter, and (2) adjourn *sine die* all deadlines and conferences in this case, pending the conclusion of the underlying criminal proceedings. With the Court's approval, the undersigned is prepared to provide the Court with periodic updates as to the status of the criminal proceedings, until the proceedings have been concluded.

The City thanks the Court for its time and attention to this matter.

Sincerely,

/s/
Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

cc:     **Via Regular Mail**
        Zahmeil Washington-Steele
        *Plaintiff* pro se
        B&C No. 9901800002
        Brooklyn Detention Center
        275 Atlantic Avenue
        Brooklyn, New York 11201