18 Civ. 7431 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAHMEIL D. WASHINGTON-STEELE,

                      Plaintiff,

-against-

THE CITY OF NEW YORK and DETECTIVE PAUL SCOTT, in his official and individual capacity,

                      Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York*
    *and Paul Scott*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Zachary Kalmbach*
    *Tel: (212) 356-2322*
    *Matter No.: 2018-078401*

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

STANDARD OF REVIEW ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT

    POINT I

        PLAINTIFF'S CONVICTION BARS HIS § 1983 CLAIMS ..........................................................................................4

        A.    This Action Is Barred In Its Entirety By *Heck v. Humphrey*..........................................................................4

        B.    Collateral Estoppel Also Bars Plaintiff's § 1983 Claims. ...................................................................... 6

    POINT II

        PLAINTIFF'S *MONELL* CLAIM FAILS AS A MATTER OF LAW ................................................................................. 7

    POINT III

        tO THE EXTENT PLAINTIFF PURPORTS TO ASSERT OTHER CLAIMS, THE PLEADING IS WHOLLY INSUFFICIENT ................................................................... 9

    POINT IV

        PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED ............................................................................... 10

        A.    Plaintiff's State Law Claims are Time-Barred. .............................. 10

        B.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Any Surviving State Law Claims. .......................................................... 11

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases** **Pages**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................1, 9

Awelewa v. New York City,
    No. 11 Civ. 778 (NRB),
    2011 U.S. Dist. LEXIS 78641 (S.D.N.Y. July 20, 2011) .........................................................2

Barmapov v. Barry,
    09-CV-3390 (RRM) (RML),
    2011 U.S. Dist. LEXIS 768 (E.D.N.Y. Jan. 3, 2011) ..............................................................7

Barnes v. Abdullah,
    No. 11 Civ. 8168 (RA),
    2013 U.S. Dist. LEXIS 102197 (S.D.N.Y. July 22, 2013) ..................................................1, 2

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007).................................................................................................................2

Cameron v. Fogarty,
    806 F.2d 380 (2d Cir. 1986)..................................................................................................6, 7

Channer v. Mitchell,
    43 F.3d 786 (2d Cir. 1994)......................................................................................................5

City of Los Angeles v. Heller,
    475 U.S. 796 (1986).................................................................................................................8

City of Okla. City v. Tuttle,
    471 U.S. 808 (1985).................................................................................................................8

Fitzgerald v. Lyons,
    39 A.D.2d 473 (4th Dep't 1972) ...........................................................................................10

Harper v. City of New York,
    No. 11 Civ. 4333 (CM),
    2013 U.S. Dist. LEXIS 14951 (S.D.N.Y. Jan. 30, 2013).........................................................9

Heck v. Humphrey,
    512 U.S. 477 (1994)........................................................................................................4, 5, 6

Hickerson v. City of New York,
    146 F.3d 99 (2d Cir. 1998)......................................................................................................7

| **Cases** | **Pages** |
|---|---|

Hughes v. Rowe,
   449 U.S. 5 (1980)..................................................................................................................2

Johnson v. Pugh,
   No. 11-CV-385 (RRM) (MDG),
   2013 U.S. Dist. LEXIS 85699 (E.D.N.Y June 18, 2013) ........................................................2

Kaufman v. Eli Lilly & Co.,
   65 N.Y.2d 449 (1985) ............................................................................................................7

Keith v. City of New York,
   No. 11 Civ. 3577 (KPF),
   2014 U.S. Dist. LEXIS 166469 (S.D.N.Y. Dec. 1, 2014) .....................................................11

Kramer v. Time Warner Inc.,
   937 F.2d 767 (2d Cir. 1991)...................................................................................................2

LaFaro v. New York Cardiothoracic Group, PLLC,
   570 F.3d 471 (2d Cir. 2009)...................................................................................................1

Mancuso v. Hynes,
   379 F. App'x 60 (2d Cir. 2010) .............................................................................................9

Martinez v. City of New York,
   No. 06 Civ. 5671 (WHP),
   2008 U.S. Dist. LEXIS 49203 (S.D.N.Y. June 27, 2008).......................................................8

McLaurin v. Kornas,
   439 Fed. App'x 38 (2d Cir. 2011).......................................................................................6, 7

McLaurin v. New Rochelle Police Officers,
   373 F. Supp. 2d 385 (S.D.N.Y. 2005)....................................................................................9

Mercado v. City of New York,
   No. 08 Civ. 2855 (BSJ)(HP),
   2011 U.S. Dist. LEXIS 140430 (S.D.N.Y. Dec. 5, 2011) ......................................................8

Monell v. Dep't of Social Services,
   436 U.S. 658 (1978)...............................................................................................................8

Monroe v. Myskowsky,
   No. 12 Civ. 5513 (KPF),
   2014 U.S. Dist. LEXIS 14933 (S.D.N.Y. Feb. 6, 2014).........................................................2

Rodriguez v. Weprin,
   116 F.3d 62 (2d Cir. 1997).....................................................................................................2

**Cases**                                                                                                                          **Pages**

Samuels v. Air Transp. Local 504,
    992 F. 2d 12 (2d Cir. 1993)..................................................................................................2

Seymore v. Dep't of Corr. Servs.,
    11 Civ. 2254 (JFK), 2014 U.S. Dist. LEXIS 21404 (S.D.N.Y. Feb. 18, 2018).........................9

Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v.
    Morgan Stanley Inv. Mgmt. Inc.,
    712 F.3d 705 (2d Cir. 2013)................................................................................................12

Thygsen v. North Bailey Volunteer Fire Co. Inc.,
    106 A.D.3d 1458 (4th Dep't 2013).....................................................................................11

Triano v. Town of Harrison,
    895 F. Supp 2d 526 (S.D.N.Y. 2012)...................................................................................1

Vippolis v. Vill. of Haverstraw,
    768 F.2d 40 (2d Cir. 1985)...................................................................................................8

Wagman v. Hooper,
    138 A.D.3d 826 (2d Dep't 2016) .......................................................................................11

Wiley v. Kirkpatrick,
    801 F.3d 51 (2d Cir. 2015)...................................................................................................2

Williams v. New York,
    64 N.Y.2d 800 (1985) .......................................................................................................11

**Statutes**

42 U.S.C. § 1983................................................................................................3, 4, 5, 6, 7, 8

Fed. R. Civ. P. 8(a)(2)............................................................................................................1

Fed. R. Civ. P. 12(b)(6).....................................................................................................1, 12

Fed. R. Evid. 201 ...................................................................................................................2

GML § 50-e(1)(a) ................................................................................................................10

GML § 50-e(1)(b) ................................................................................................................10

GML § 50-i(i) ......................................................................................................................10

GML § 50-k(2) ....................................................................................................................11

GML § 50-k(3) ....................................................................................................................11

| **Statutes** | **Pages** |
|---|---|
| GML § 50-k(6) | 10 |
| N.Y. Penal Law § 110-125.25(1) | 4 |
| N.Y. Penal Law § 110-125.27(1)(a)(vii) | 4 |
| N.Y. Penal Law §§ 110-125.27(1)(a)(vii) and (b) | 4 |
| N.Y. Penal Law § 160.15(3) | 4 |

## PRELIMINARY STATEMENT

Plaintiff purports to allege that his constitutional rights were violated because he was arrested, prosecuted, and convicted for luring a food-delivery man to a location where plaintiff stabbed and robbed him. Plaintiff's allegations against the City of New York (the "City") and Det. Paul Scott must be dismissed because he was convicted of the crimes for which he was arrested—attempted murder and robbery. To the extent that plaintiff purports to assert claims other than false arrest and malicious prosecution, the pleading is wholly insufficient.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 474 (2d Cir. 2009). Still, the Court is "not bound to accept as true legal conclusions couched as factual allegations." Id. at 475-76. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnes v. Abdullah, No. 11 Civ. 8168 (RA), 2013 U.S. Dist. LEXIS 102197, at *8 (S.D.N.Y. July 22, 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677. Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Triano v. Town of Harrison, 895 F. Supp 2d 526, 529 (S.D.N.Y. 2012). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In applying these standards to a *pro se* complaint, the Court will of course be aware that the plaintiff's pleadings should be held, "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a court can only interpret a *pro se* pleading to "raise the strongest arguments that [it] suggest[s]." Wiley v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015). A *pro se* pleading "that offers 'labels and conclusions' or only provides 'naked assertion[s]' devoid of 'further factual enhancement' is insufficient." Barnes, 2013 U.S. Dist. LEXIS 102197, at *9. "When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement [] the court should not hesitate to dismiss his claim." Johnson v. Pugh, No. 11-CV-385 (RRM) (MDG), 2013 U.S. Dist. LEXIS 85699 (E.D.N.Y June 18, 2013) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

In deciding a motion to dismiss, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F. 2d 12, 15 (2d Cir. 1993); see also Monroe v. Myskowsky, No. 12 Civ. 5513 (KPF), 2014 U.S. Dist. LEXIS 14933, at *2 n.3 (S.D.N.Y. Feb. 6, 2014) (The Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data.) (citing Kramer v. Time Warner Inc., 937 F.2d 767, 773-75 (2d Cir. 1991)); Awelewa v. New York City, No. 11 Civ. 778 (NRB), 2011 U.S. Dist. LEXIS 78641, at *2 (S.D.N.Y. July 20, 2011) (judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data).

Here, the Court may take judicial notice of the Criminal Court records and the New York City Police Department ("NYPD") arrest and complaint reports. Based on the facts alleged in the Complaint and records which may be judicially noticed, all claims against the City of New York and Det. Paul Scott must be dismissed.

## STATEMENT OF FACTS

Plaintiff brings this 42 U.S.C. § 1983 ("§ 1983") action alleging claims for, *inter alia*, false arrest and malicious prosecution. Plaintiff alleges that he was falsely arrested for attempted murder in the first degree on October 3, 2017. (Complaint at p. 5, annexed to the Declaration of Zachary Kalmbach ("Kalmbach Decl.") as Exhibit A.) He alleges that he was "picked up" pursuant to an investigation card ("I-Card") and told by "the warrant squad" that he was wanted for questioning in relation to a stabbing. (Id. at p. 6) Plaintiff alleges that he was handcuffed and taken to the 28th Precinct, where he was held for over five hours, during which time he was placed in an identification line-up and interrogated. (Id. at p. 5) He alleges that this constituted a *de facto* arrest, for which there was neither a warrant nor probable cause. (Id. at p. 5, 7) Plaintiff also alleges that, on October 1, 2017, a complainant failed to identify plaintiff via a photo array. (Id.) Additionally, plaintiff alleges that his criminal defense attorney illegally prevented him from going before a grand jury, and that a court improperly ordered him to provide DNA evidence via a buccal swab. (Id. at p. 9).

NYPD records indicate that, on September 29, 2017, a complaining victim reported to police that he was delivering food from Empire 3, a Chinese restaurant, to 200 West 111th Street, New York, New York, around 10:11 p.m. (Complaint Report, annexed to the Kalmbach Decl. as Exhibit B.) The complaining victim further reported that, at that location, date, and time, an individual approached him from the rear, stabbed him on his shoulder, head,

and forearm, and took the food. (Id.; Arrest Report, annexed to the Kalmbach Decl. as Exhibit C.)

Criminal Court records indicate that, on November 2, 2017, plaintiff was indicted for attempted murder in the first degree, in violation of New York Penal Law §§ 110-125.27(1)(a)(vii) and (b),[1] attempted murder in the second degree, in violation of New York Penal Law § 110-125.25(1), and robbery in the first degree, in violation of New York Penal Law § 160.15(3). (Indictment, annexed to the Kalmbach Decl. as Exhibit D.) On May 23, 2019, plaintiff was found guilty at trial of robbery in the first degree and attempted murder in the first degree. (Certificate of Disposition, annexed to the Kalmbach Decl. as Exhibit E.) The Criminal Court Complaint confirms that plaintiff was arrested on October 3, 2017 and charged with attempted murder and robbery. (See Criminal Court Complaint, annexed to the Kalmbach Decl. as Exhibit F.)

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CONVICTION BARS HIS § 1983 CLAIMS**

Plaintiff cannot use this § 1983 action to attack the validity of his outstanding criminal conviction. For the reasons set forth below, this action must be dismissed it its entirety with prejudice.

    **A.**    **This Action Is Barred In Its Entirety By *Heck v. Humphrey*.**

A § 1983 claim cannot be brought if a resolution in plaintiff's favor would undermine an outstanding criminal conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87

---

[1] A defendant commits attempted murder in the first degree if they commit attempted murder in the second degree during the course of committing a robbery. See N.Y. Penal Law § 110-125.27(1)(a)(vii).

(1994) (dismissing § 1983 claim alleging unlawful investigation, destruction or exculpatory evidence and unlawful voice identification procedure, where conviction had not been invalidated). "This requirement avoids parallel litigation over the issues of probable cause and guilt." Id. at 484. More significantly, it prevents a plaintiff from "succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. Given the need to avoid conflicting resolutions, lower courts "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . ." Heck, 512 U.S. at 487; see also Channer v. Mitchell, 43 F.3d 786 (2d Cir. 1994) (affirming a Heck-based dismissal of § 1983 claims because plaintiff failed to establish whether conviction had been reversed).

Simply stated, "civil tort actions are not the appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. Consequently, Heck makes clear that a § 1983 claim can only be brought when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487. Thus, a claim for damages regarding a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Id. (emphasis in original).

Here, plaintiff's criminal prosecution terminated with his conviction for robbery and attempted murder. Plaintiff's express purpose in bringing this suit is to attack his criminal conviction, in contravention of the well-established rule set forth in Heck. In his Complaint, plaintiff directly attacks all of the evidence leading to his conviction, stating, "The people . . .

have no strong evidence proving that I committed any of these crimes. I will not stop until[] I get justice in court because I know that I am not the only person that [has] been or still [is] being deprived and have their constitutional rights violated by [the] NYPD [and/or] New York courts." (Complaint at p. 10, Kalmbach Decl., Exhibit A.) Moreover, by requesting that the Court dismiss his criminal case, plaintiff makes clear that this § 1983 action is meant to attack the integrity of his criminal conviction. (See id. at p. 11). Thus, Heck bars this action because a resolution in plaintiff's favor would necessarily imply the invalidity of his conviction.

Additionally, in order for plaintiff to succeed on his false arrest and malicious prosecution claims, he would need to establish that there was no probable cause for his arrest. However, any finding of a lack of probable cause to arrest plaintiff would "necessarily imply the invalidity" of his conviction, since the conviction necessarily demonstrates the existence of probable cause. See McLaurin v. Kornas, 439 Fed. App'x 38, 39 (2d Cir. 2011) (conviction established probable cause for the arrest as a matter of law); Cameron v. Fogarty, 806 F.2d 380, 388 (2d Cir. 1986) ("Where the civil rights plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest.") This result is impermissible under Heck. Accordingly, this action must be dismissed under Heck because success would undermine the validity of plaintiff's outstanding criminal conviction.

**B.   Collateral Estoppel Also Bars Plaintiff's § 1983 Claims.**

Even if the Court were to find that plaintiff's claims are not barred by Heck, plaintiff's §1983 claims still fail as a matter of law because they are barred by collateral estoppel. Under New York law, in order for collateral estoppel to preclude the relitigation of an issue, two requirements must be satisfied: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from

relitigating the issue must have had a full and fair opportunity to contest the prior determination." Barmapov v. Barry, 09-CV-3390 (RRM) (RML), 2011 U.S. Dist. LEXIS 768, at *18-19 (E.D.N.Y. Jan. 3, 2011) (citing Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 455 (1985)). "Plaintiff[], as the part[y] opposing the application of collateral estoppel, bear[s] the burden of proving that [he was] denied this full and fair opportunity." Hickerson v. City of New York, 146 F.3d 99, 109 (2d Cir. 1998).

Here, regarding the first element, plaintiff is challenging the validity of his arrest and prosecution on the grounds that both lacked probable cause. However, the issue of probable cause to arrest and prosecution plaintiff was necessarily decided in the underlying criminal matter when plaintiff was convicted. See McLaurin v. Kornas, 439 Fed. App'x at 39; Cameron, 802 F.2d at 388-89. Moreover, a grand jury indicted plaintiff, thereby finding that there was probable cause for plaintiff's arrest and prosecution. With regard to the second element, plaintiff's criminal case was pending for over a year and a half, culminating with a trial. Thus, it is clear that plaintiff was afforded a full and fair opportunity to contest the grand jury's determination that his arrest and prosecution was supported by probable cause. In fact, in his letter to this Court dated November 20, 2018, plaintiff attached portions of a motion to suppress evidence in the criminal proceeding (ECF No. 10). It is clear that plaintiff was afforded a full and fair opportunity to contest the finding of probable cause, and that he took advantage of that opportunity. Accordingly, the doctrine of collateral estoppel bars plaintiff's § 1983 claims.

## POINT II

### PLAINTIFF'S *MONELL* CLAIM FAILS AS A MATTER OF LAW

Plaintiff's claims against the City of New York must be dismissed because he has failed to adequately allege the existence of an underlying policy or custom giving rise any

alleged violation of his constitutional rights. In the first instance, because plaintiff has failed to plead an underlying constitutional violation, there can be no liability on the part of the City. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (if plaintiff cannot show that he constitutional rights were violated by a City actor, then there cannot be Monell liability); see also Martinez v. City of New York, No. 06 Civ. 5671 (WHP), 2008 U.S. Dist. LEXIS 49203, at *12 (S.D.N.Y. June 27, 2008) (noting that "[a] municipality cannot be liable for acts by its employees which are not constitutional violations").

Additionally, in order to hold a municipality liable as a "person" within the meaning of 42 U.S.C. § 1983, a plaintiff must establish that the municipality itself was somehow at fault for the underlying constitutional violation. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). "To bring a municipal liability claim, first, the plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries…Second, the plaintiff must establish a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted). This causal link must be strong; that is, the policy must be the "moving force" behind a constitutional violation. Mercado v. City of New York, No. 08 Civ. 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011). Furthermore, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the government. See City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985).

In regard to the first requirement, a plaintiff may assert the existence of a municipal policy in one of four ways:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by the government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policy makers to train or supervise subordinates.

Harper v. City of New York, No. 11 Civ. 4333 (CM), 2013 U.S. Dist. LEXIS 14951, *9-10 (S.D.N.Y. Jan. 30, 2013) (quoting McLaurin v. New Rochelle Police Officers, 373 F. Supp. 2d 385, 399-400 (S.D.N.Y. 2005)). Here, the Complaint is completely devoid of any allegations of a policy under any theory. Moreover, plaintiff has also failed to allege any facts describing the nexus or affirmative link between any pattern, policy, or custom and the alleged constitutional violation in this case. Plaintiff has failed to plead a plausible constitutional violation, and thus any Monell claim against the City of New York should also be dismissed.

## POINT III

### TO THE EXTENT PLAINTIFF PURPORTS TO ASSERT OTHER CLAIMS, THE PLEADING IS WHOLLY INSUFFICIENT

To the extent plaintiff purports to assert claims other than false arrest, malicious prosecution, and municipal liability relating to his October 3, 2017 arrest, the pleading is wholly insufficient. While a *pro se* litigant's complaint is entitled to liberal interpretation, the complaint must be dismissed if it fails to satisfy the plausibility standard set forth in Iqbal. See Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010). Additionally, when reviewing a *pro se* complaint, the Court "cannot invent factual allegations that [the plaintiff] has not pled." Seymore v. Dep't of Corr. Servs., 11 Civ. 2254 (JFK), 2014 U.S. Dist. LEXIS 21404, at *5 (S.D.N.Y. Feb. 18, 2018). Here, plaintiff's allegation that his criminal defense attorney illegally waived plaintiff's

right to go before a grand jury fails to state any claim against the City or any of its employees. Additionally, plaintiff's claim that a criminal court judge ordered him to submit to a buccal swab likewise fails to state a claim against the City or any of its employees. Accordingly, the Complaint should be dismissed in its entirety.

## POINT IV

### PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

As the Complaint makes no mention of any state law claims, it should not be read as an attempt to assert such claims. However, to the extent the Complaint is read to assert state law claims, the claims must be dismissed as time-barred. Additionally, because plaintiff has failed to plead any viable federal claims, the Court should decline to retain jurisdiction over any remaining state law claims.

### A. Plaintiff's State Law Claims are Time-Barred.

The Court should dismiss all state law claims against the City and Det. Scott because plaintiff failed to serve a timely notice of claim on the City as required by General Municipal Law ("GML") § 50-k(6), nor has he pled that he has done so. Under New York law, in an action against the City of New York or one of its employees "founded upon tort," a notice of claim must be served on the City within 90 days after the claim arises. The service of this notice of claim is a condition precedent to suing under GML §§ 50-e(1)(a) and 50-i(i). And under GML § 50-k(6), it is required even in suits only against individual employees. Where claims are alleged against an individual municipal employee, a claimant must still serve a notice of claim on the City, where the City is the real party in interest and has a statutory obligation to indemnify the employee. See GML § 50-e(1)(b); Fitzgerald v. Lyons, 39 A.D.2d 473 (4th Dep't 1972). Indeed, GML § 50-k(6) provides that no action shall be maintained or prosecuted against

the City or an employee unless a notice of claim is served upon the City and in compliance with GML § 50-(e).

Here, it is clear that plaintiff's allegations arise from actions taken by Det. Scott during the scope of his employment. Further, the Office of the Corporation Counsel has assumed representation of Det. Scott, which demonstrates that the City has determined that he was acting in the scope of his employment, in furtherance of his duties, consistently with agency rule and regulations, and is eligible for representation under the GML. See GML § 50-k(2)&(3); see also Williams v. New York, 64 N.Y.2d 800, 802 (1985). Thus, the City is the real party in interest, and plaintiff's failure to serve a timely notice of claim on the City in compliance with GML § 50-k(6) is fatal to any state law claims against the City and Det. Scott. See Wagman v. Hooper, 138 A.D.3d 826 (2d Dep't 2016); Thygsen v. North Bailey Volunteer Fire Co. Inc., 106 A.D.3d 1458 (4th Dep't 2013). Any state law claims would have accrued on October 3, 2017. Thus, any notice of claim should have been served, on or before January 1, 2018. Because plaintiff failed to serve a timely notice of claim, any state law claims are time-barred.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction Over Any Surviving State Law Claims.

Should the Court find that any of plaintiff's state law claims are neither time-barred nor subject to dismissal, the Court should decline to exercise supplemental jurisdiction because plaintiff has no viable federal claims. Where a federal district court "dismisse[s] all claims over which it has original jurisdiction," the Court must balance the factors of "judicial economy, convenience, fairness, and comity[,]" in exercising its discretion to retain or decline jurisdiction. Keith v. City of New York, No. 11 Civ. 3577 (KPF), 2014 U.S. Dist. LEXIS 166469, at *68 (S.D.N.Y. Dec. 1, 2014). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise

jurisdiction over the remaining state-law claims." Id. (citing Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 727 (2d Cir. 2013)). Because plaintiff's federal claims must be dismissed, the Court should decline to retain jurisdiction over any remaining state law claims.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court grants their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:     New York, New York
            July 5, 2019

                             ZACHARY W. CARTER
                             Corporation Counsel of the City of New York
                             *Attorney for Defendants City and Scott*
                             100 Church Street
                             New York, New York 10007
                             (212) 356-2322

                   By:    /s/
                             Zachary Kalmbach
                             *Assistant Corporation Counsel*
                             Special Federal Litigation Division

cc:     Via Regular Mail
       Zahmeil Washington-Steele
       Plaintiff *Pro Se*
       B&C No. 9901800002
       Brooklyn Detention Center
       275 Atlantic Avenue
       Brooklyn, New York 11201