

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ZACHARY KALMBACH**
*Assistant Corporation Counsel*
phone: (212) 356-2322
fax: (212) 356-3509
zkalmbac@law.nyc.gov

October 18, 2019

**VIA ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Zahmeil Washington-Steele v. City of New York, et al.
              18 Civ. 7431 (RA)

Your Honor:

      I am the attorney assigned to represent defendants City of New York and Det. Paul Scott in the above-referenced matter. Defendants write to respectfully request that the Court: (1) deny plaintiff's motion for oral argument; and (2) treat defendants' motion to dismiss as unopposed, deem plaintiff's claims as abandoned, and grant defendants' motion to dismiss in its entirety.

      By way of background, plaintiff alleges claims for, *inter alia*, false arrest and malicious prosecution arising from his October 3, 2017 arrest for attempted murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the fourth degree (ECF No. 2). Plaintiff was convicted of attempted murder in the first degree and robbery in the first degree on May 23, 2019. Defendants filed a pre-motion letter in anticipation of their motion to dismiss the Complaint in this action on May 31, 2019 (ECF No. 18). On June 3, 2019, the Court ordered that the following schedule would apply to defendants' motion: (1) defendants' motion would be due July 5, 2019; (2) plaintiff's opposition would be due August 5, 2019; and (3) defendants' reply, if any, would be due August 19, 2019 (ECF No. 19). On July 5, 2019, defendants filed and served their motion papers (ECF Nos. 20-22). Because plaintiff failed to timely respond to defendants' motion, defendants filed a letter on August 19, 2019 requesting that the Court deem plaintiff's claims abandoned and dismiss the Complaint in its entirety (ECF No. 23). On September 4, 2019, the Court extended plaintiff's time to oppose defendants' motion to dismiss the Complaint to October 4, 2019 (ECF No. 29).

      Plaintiff again failed to timely oppose defendants' motion to dismiss the Complaint. Rather, on September 20, 2019, plaintiff filed a letter, dated September 13, 2019, requesting that

the Court schedule a conference for oral argument (ECF No. 30). Plaintiff requests oral argument in order to "bring forth [documents] to support [his] allegations." (Id.). Plaintiff does not specify which documents he intends to "bring forth," how such documents would have any bearing on defendants' motion to dismiss the Complaint, or why he could not have "[brought] forth" such documents without oral argument. As defendants explained in their motion to dismiss, this is a straightforward case of false arrest and malicious prosecution claims being barred by an underlying conviction (ECF No. 22). As such, there is no need for oral argument, and plaintiff's request should be denied.

Additionally, plaintiff has failed to meaningfully oppose defendants' motion to dismiss the Complaint. In his request for oral argument, plaintiff only vaguely references any of defendants' arguments, stating that (1) he is challenging the validity of his prosecution, not his arrest;[1] and (2) he did not timely bring state law claims because he did not possess certain unidentified documents (ECF No. 30). Neither of these assertions meaningfully opposes defendants' arguments set forth in their motion to dismiss the Complaint.

Plaintiff's first assertion has no bearing on any of defendants' arguments regarding plaintiff's false arrest and malicious prosecution claims. With regard to plaintiff's second assertion, plaintiff has failed to offer any explanation why he could not have timely brought state law claims without possessing the unidentified documents to which he refers. As such, plaintiff has failed to meaningfully oppose defendants' motion to dismiss, and, for the reasons set forth in defendants' August 19, 2019 letter, plaintiff's claims should be dismissed as abandoned.

Moreover, the Court should grant defendants' motion to dismiss on the merits because the Complaint fails to state a claim upon which relief may be granted. As defendants explained in their motion to dismiss, plaintiff's conviction bars this action, any claim for municipal liability fails, and any state law claims are time-barred.

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety and enter judgment in their favor.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/
Zachary Kalmbach
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

[1] As plaintiff admits that he is not challenging the validity of his arrest, the Court should dismiss his false arrest claim.

cc: <u>Via Regular Mail</u>
Zahmeil Washington-Steele
DIN No. 19A2572
Clinton Correctional Facility
1156 Cook Street
Dannemora, New York 12929