UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/16/2020

ZAHMEIL D. WASHINGTON-STEELE,

                              Plaintiff,

              v.

CITY OF NEW YORK; NYC DETECTIVE
PAUL SCOTT, *SHIELD #6880*,

                              Defendant.

No. 18-CV-7431 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Zahmeil D. Washington-Steele, proceeding *pro se*, brings this action against

Defendants the City of New York and Detective Paul Scott for, among other things, false arrest

and malicious prosecution pursuant to 42 U.S.C. § 1983.[1]  Now before the Court is Defendants'

motion to dismiss.  For the following reasons, the motion is granted.

## BACKGROUND[2]

On October 3, 2017, Plaintiff "was picked up" at his home by the NYPD's "Warrant

Squad" pursuant to an investigation card ("I-Card") and brought to the 28th Precinct for

questioning regarding a recent stabbing.  Compl. at 5-6.  According to records submitted by

Defendants with their motion to dismiss, Plaintiff's allegations stem from a robbery that took

---

[1] Plaintiff's complaint initially named the New York Police Department as a defendant in this action.  On September 27, 2018, the Court construed Plaintiff's claims against the NYPD as ones brought against the City of New York "because an agency of the City of New York is not an entity that can be sued."  Dkt. 6 (citing N.Y. City Charter ch. 17, § 396).  The complaint also originally named a John Doe defendant, who has since been identified as Defendant Scott.  *See* Compl. at 3; Dkt. 10 (Pl.'s Nov. 27, 2018 Ltr.).

[2] The following facts are taken primarily from the complaint and assumed to be true for the purposes of this motion unless otherwise noted.  *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

place on September 29, 2017 near Plaintiff's apartment.[3]  *See* Dkt. 21, Ex. B.  While waiting for

the elevator, a delivery man was approached from behind and stabbed in the shoulder, head, and

forearm.  *See id*.  Plaintiff alleges that after being "picked up" on October 3 in connection with

this incident, he was "held . . . and interrogated . . . at the police station for more than 12 hours,"

including for five hours before his rights were read to him.  Compl. at 5, 7.  While at the

precinct, he was also "placed into a[n] identification line-up."  *Id*. at 5.  On November 2, 2017,

Plaintiff was indicted for attempted murder in the first and second degree, as well as robbery in

the first degree.  *See* Dkt. 21, Ex. D (Indictment).

On August 14, 2018, while awaiting trial, Plaintiff commenced this action against

Defendants.  He first asserts a false arrest claim, alleging there was an "absence of probable

cause" to arrest and detain him.  Compl. at 7.  He also alleges malicious prosecution on the basis

that the proceedings after his arrest were "unreliable, unreasonable, unfair[ ], unlawful, and

suggestive."  *Id*. at 6.  He asserts, for instance, that the State "rel[ied] on hear-say and ha[d] no

strong evidence proving that [he] committed any of these crimes."[4]  *Id.* at 10.

On December 10, 2018, the Court granted Defendants' request for a stay pending the

resolution of Plaintiff's ongoing state criminal case.  *See* Dkt. 15.  On May 23, 2019, following a

---

[3] Defendants filed several exhibits related to Plaintiff's state criminal case, including the NYPD and criminal court complaints, arrest report, grand jury indictment, and certificate of disposition.  The Court takes judicial notice of these records as "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments, and criminal disposition data."  *Harris v. Howard*, No. 08-CV-4837 (CM), 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (internal citations and quotation marks omitted).

[4] This action was also initially brought against Plaintiff's defense attorney, Norman P. Bock, and the New York State Supreme Court.  *See* Compl. at 3.  As to his attorney, Plaintiff asserted that Bock had violated his New York State constitutional rights by "depriv[ing] [him] the right to go before the grand jury" after he "illegally waiv[ed Plaintiff's] rights to go before the grand jury without [Plaintiff's] consent." *Id*. at 9.  Plaintiff also alleged that the New York State Supreme Court violated his "Fourth Amendment rights" by "pressur[ing] [him] into giving a buccal swab for DNA testing[.]"  *Id*.  On September 27, 2018, this Court dismissed Plaintiff's claims against both Bock and the New York State Supreme Court because Bock is not a state actor and the Eleventh Amendment bars claims against the New York State Supreme Court.  *See* Dkt. 6 (Sept. 27, 2018 Order).  Because those two parties have been dismissed from this action, the claims against them need not be addressed in this Opinion.

jury trial, Plaintiff was convicted of attempted murder in the first degree and robbery in the first degree. *See* Dkt. 21, Ex. E (Certificate of Disposition). Shortly thereafter, the Court set a briefing schedule for Defendants' anticipated motion to dismiss. *See* Dkt. 19. On July 5, 2019, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 20. Plaintiff did not file a timely response to Defendants' motion.

However, on August 29, 2019, he filed several letters, which, in part, requested oral argument to oppose Defendants' motion and an extension of time to respond to the motion. *See* Dkt. 25-28.[5] These letters did not include a substantive response to the motion. Granting Plaintiff's extension request, the Court "permit[ted] [him] to file and serve an opposition to Defendants' motion to dismiss no later than October 4, 2019." Dkt. 29. On September 13, 2019, Plaintiff filed a letter, stating that he was not "challenging the validity of [his] arrest . . . [but] the validity of the prosecution and [his] constitutional rights being violated." Dkt. 30. In the letter, he again requested oral argument and appeared to seek leave to amend his complaint to include state law claims. *See id.* Two months later, Plaintiff requested that the Court appoint him *pro bono* counsel. *See* Dkt. 32. That request was denied. *See* Dkt. 33.

## STANDARD OF REVIEW

When adjudicating a Rule 12(b)(6) motion, a court must "accept as true all statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir. 2008) (citations omitted). "To survive a motion to dismiss, a complaint must contain

---

[5] Plaintiff's request for oral argument is denied. *See* Dkt. 25 (Pl.'s Aug. 29, 2019 Ltr.); Dkt. 31 (Def.'s Oct. 18, 2019 Ltr.). "A plaintiff in a civil action is not entitled to a hearing as a matter of right." *Kpaka v. City Univ. of New York*, No. 14-CV-6021 (RA), 2015 WL 4557331, at *1 n.2 (S.D.N.Y. July 28, 2015). Moreover, "a district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument." *Dotson v. Griesa,* 398 F.3d 156, 159 (2d Cir. 2005). Here, the Court concludes that oral argument is not necessary to decide the present motion.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Ashcroft*, 556 U.S. at 678.

Where, as here, a plaintiff is proceeding *pro se*, the Court must construe the pleadings
"liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d
Cir. 2014).  "Nonetheless, a *pro se* complaint must [still] state a plausible claim for relief."
*Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## DISCUSSION

Defendants argue that Plaintiff's false arrest and malicious prosecution claims, brought
pursuant to § 1983, must be dismissed "because he was convicted of the crimes for which he was
arrested" on October 3, 2017 and subsequently prosecuted.  Def.'s Mot. at 1.  Defendants also
urge the Court "to decline to retain jurisdiction over any remaining state law claims," to the
extent the complaint is read to assert them, because Plaintiff "has failed to plead any viable
federal claims." *Id.* at 10.  The Court agrees with Defendants.[6]

## I.    Section 1983 Claims

Plaintiff asserts a claim of false arrest on the ground that Defendants lacked probable
cause to arrest and detain him on October 3, 2017 and thus "violated [his] constitutional rights."
Compl. at 6-7.  Plaintiff also asserts a claim of malicious prosecution, alleging that all steps
taken after his arrest were "unreliable, unreasonable, unfair[], unlawful, and suggestive." *Id.* at

---

[6] Defendants further argue that Plaintiff's § 1983 claims are collaterally estopped under New York law.
*See* Def.'s Mot. at 6-7.  The Court need not address this argument because it agrees with Defendants' primary
argument that Plaintiff's conviction bars his claims.

6.  Specifically, he contends that the People "rel[ied] on hear-say and have no strong evidence proving that [he] committed any of these crimes." *Id*. at 10.  Because these claims stem from offenses for which Plaintiff was convicted and his conviction has not been invalidated, they are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court explained that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) (explaining the "favorable termination rule").  Thus, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original).

Here, Plaintiff's two § 1983 claims stem from his arrest on October 3, 2017 for attempted murder and robbery, and subsequent conviction for those crimes on May 23, 2019.  Plaintiff's conviction remains valid, as it has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  Because the false arrest and malicious prosecution claims raised here "would imply the invalidity of his conviction," *Heck* serves as an absolute bar to Plaintiff's § 1983 claims.  *Id.* at 487.  Those claims therefore "must be dismissed" given that Plaintiff cannot "demonstrate that [his] conviction or sentence has already been invalidated." *Johnson v. New York City Police Dept.*, 651 F. App'x 58, 60 (2d Cir. 2016) (quoting *Heck*, 512 U.S. at 487).

Second Circuit law also bars Plaintiff's false arrest and malicious prosecution claims because "[i]t is well settled that the existence of probable cause is a complete defense to claims of false arrest and malicious prosecution under § 1983." *D'Olimpio v. Crisafi*, 718 F. Supp. 2d 357, 364-65 (S.D.N.Y. 2010) (citing *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)).  The Second Circuit has held that a valid conviction, resulting from the arrest at issue, constitutes evidence that probable cause existed for the arrest, and thus precludes an action for false arrest.  *See, e.g.*, *Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir. 1986) ("Where the civil rights plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of . . . the officer's belief in the lawfulness of the arrest."); *Wingate v. Gives*, 725 F. App'x 32, 35 (2d Cir. 2018) (affirming the district court's dismissal of a false arrest claim "because his conviction . . . established probable cause").  Similarly, a necessary component of a malicious prosecution action is the termination of the criminal proceeding in favor of the plaintiff.  *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995) ("Termination of the criminal charges in plaintiff's favor is an essential element of the [malicious prosecution] claim."); *see also Rivera v. City of Yonkers*, 470 F. Supp. 402, 408 (S.D.N.Y. 2007) ("Clearly, a conviction for a crime cannot be considered a termination in favor of the accused[.]").  Because Plaintiff was convicted of the offenses underlying his arrest and prosecution and his conviction remains valid, he cannot plausibly allege either a false arrest or malicious prosecution claim as a matter of law.  *See DiBlasio v. City of New York*, 102 F.3d 654, 659 (2d Cir. 1996) (dismissing a malicious prosecution claim because "[t]he State's case did not end in failure or in [the plaintiff's] favor"); *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").

## II.    Alleged State Law Claims

Defendants argue that there is "no mention of any state law claims" in Plaintiff's complaint and "[it] should not be read as an attempt to assert such claims."  Def.'s Mot. at 10. Alternatively, should the Court interpret Plaintiff's complaint to assert state law claims, Defendants urge it to decline supplemental jurisdiction or dismiss the state law claims because they are time barred.  *See id.*

The Court agrees that Plaintiff's complaint does not allege any state law claims against either of the remaining Defendants.[7]  This conclusion is bolstered by Plaintiff's September 13, 2019 letter, which appeared to seek leave to amend in order to add state law claims.  *See* Dkt. 30. Accordingly, the Court need not determine whether to exercise supplemental jurisdiction or whether any state law claims are time barred.  If Plaintiff seeks to bring state law claims against any Defendants in this action, he shall do so in state court.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted, albeit without prejudice pursuant to *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999).  The Clerk of Court is respectfully directed to terminate the motion pending a docket entry 20 and close the case.

SO ORDERED.

Dated:    July 16, 2020
          New York, New York

_____
Ronnie Abrams
United States District Judge

---

[7] Although Plaintiff had originally asserted a state law claim against his former defense attorney, given that the Court dismissed that claim, it is thus no longer before the Court.  *See* Dkt. 6.